# UNITED STATES COURT OF INTERNATIONAL TRADE

### Before: The Honorable Judge M. Miller Baker

| | |
|---|---|
| GIORGIO FOODS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>PROCHAMP B.V.,<br><br>    Defendant-Intervenor. | Court No. 23-00133 |

## ORDER

Upon consideration of the Department of Commerce's final results of redetermination pursuant to remand, all responses thereto, and all other pertinent papers, it is hereby

**ORDERED** that the remand results are sustained in their entirety; and further

**ORDERED** that final judgment is entered in favor of the United States.

1

 

_____
M. Miller Baker, Judge

Dated: _____, 2025

New York, New York

Before: The Honorable Judge M. Miller Baker

| | |
|---|---|
| GIORGIO FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> PROCHAMP B.V., <br><br> Defendant-Intervenor. | Court No. 23-00133 <br><br><br> PUBLIC VERSION |

# DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT UPON THE AGENCY RECORD

March 14, 2025

Lizbeth R. Levinson
Brittney R. Powell
Alexander D. Keyser

FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500
Washington, DC 20006
Phone: (202) 361-3100
Email: akeyser@foxrothschild.com
*Counsel to Prochamp B.V.*

# **TABLE OF CONTENTS**

| | |
|---|---:|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| BACKGROUND | 2 |
| I.   THE COURT'S REMAND ORDER | 2 |
| II.   COMMERCE'S REMAND PROCEEDINGS | 3 |
| ARGUMENT | 6 |
| I.   STANDARD OF REVIEW | 6 |
| II.   COMMERCE COMPILED WITH THE COURT'S REMAND ORDER AND ITS SELECTION OF GERMANY AS THE THIRD-COUNTRY COMPARISON MARKET WAS SUPPORTED BY SUBSTANTIAL EVIDENCE | 8 |
| CONCLUSION | 13 |

## **TABLE OF AUTHORITIES**

### **FEDERAL STATUTES**

19 U.S.C. § 1516a(b)(1)(B)(i) ............................................................................... 7

### **FEDERAL CASES**

*Alt. Sugar, , Ltd. v. United States,*
   744 F.2d 1556, 1562 (Fed. Cir. 1984) ............................................................. 7

*Bethlehem Steel Corp. v. United States,*
   223 F. Supp. 2d 1372, 1375 (Ct. Int'l Trade 2002) .......................................... 6

*Consol. Edison Co. v. NLRB,*
   305 U.S. 197, 229 (1951) ................................................................................. 7

*MacLean-Fogg Co. v. United States,*
   100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) .......................................... 7

*Nippon Steel Corp. v. United States,*
   458 F.3d 1345, 1352 (Fed. Cir. 2006) ............................................................. 7

*PAM, S.p.A. v. United States,*
   582 F.3d 1336, 1339 (Fed. Cir. 2009) ........................................................ 7, 13

## GLOSSARY

| Acronym | Item |
|---------|------|
| DE | Country Code for Germany |
| AT | Country Code for Austria |

**Defendant-Intervenor's Comments on Remand Redetermination**

Defendant-Intervenor, Prochamp, B.V. ("Prochamp"), respectfully submits this response to the comments by plaintiff, Giorgio Foods, Inc. ("Giorgio"), concerning the Department of Commerce's ("Commerce's" or "the Department's") remand results. *See* Final Results of Redetermination Pursuant to *Giorgio Foods, Inc. v. United States*, Ct. No. 23-00133, 2024 WL 3534491, *7 (Ct. Int'l Trade July 17, 2024) ("*Remand Order*"); Appx13794. Prochamp supports and affirms the comments made by Defendant, the United States, concerning the Department of Commerce's remand results. We thereby join Defendant in respectfully requesting that the Court sustain Commerce's remand results because they are supported by substantial evidence, lawful, and comply with the Court's instructions on remand. *Remand Order* at *7.

## BACKGROUND

### I. The Court's Remand Order

In its Rule 56.2 Motion for Judgment on the Agency Record, Plaintiff challenged Commerce's final determination in its less-than-fair-value investigation of certain preserved mushrooms from the Netherlands. Plaintiff's Motion for Judgment (November 22, 2023), ECF No. 24.

Plaintiff's Motion was based on two major arguments: 1) that the Department's selection of Germany as the third-country comparison market was unlawful, and 2) that the Department's decision to calculate a dumping margin for Prochamp was unlawful. *Id.* at 35, 57.

On July 17, 2024, this Court sustained the Department's determination in part and remanded it for reconsideration in part. The Court upheld the Department's determination to calculate a dumping margin for Prochamp but remanded Commerce's determination with respect to the selection of Germany as the third-country comparison market. *See Remand Order* at *7. The Court found that "Commerce simply assumed that a multinational retailer that received Prochamp's mushrooms outside of Germany ultimately resold *all* of them in that country," and that the Department could not reasonably conclude "that the Dutch company's exports to Germany were "significantly" larger" than its exports to France absent a "better explanation." *Id.*

## II.   Commerce's Remand Proceedings

On remand, Commerce decided to address the issues found by the Court in the underlying determination by accounting for the portion of Prochamp's German sales that might have been consumed in other

3

countries. Appx13831. Commerce reopened the factual record for the narrow purpose of "addressing the remand concerns and specifically Judge Miller Baker's statements regarding the German third country data being inclusive of at least some sales which may have been consumed not in Germany." Appx13831.

Commerce placed on the record German and Austrian population data, the number of [    ] stores in Germany and Austria, data concerning the consumption of mushrooms in Germany and Austria, and data regarding French-speaking populations outside of France. Appx13831-13832. Prochamp further supplemented the record with new factual information to clarify and support the factual information put on the record by Commerce. Appx13869-13872. Prochamp provided email communications with two of its customers, [    ] and [          ]. Appx13898-13901, Appx13915-13920.

[    ] confirmed that of the [    ] item numbers it purchased from Prochamp, it sold [    ] of those item numbers to the German market and [        ] to the German market. Appx13898-13899. [          ] similarly confirmed that the merchandise it purchased from Prochamp with only a German label was sold only in Germany, and

4

that the [      ] merchandise it purchased with multilingual labels were sold in Germany and [         ]. Appx13915-13920. Lastly, Prochamp provided portions of its customer [       ] website, which demonstrated that the company operated only in Germany, [      ], and [        ], and that the only country serviced by [     ] with an official language of German was Germany. Appx13929-13943.

Based on the new factual evidence, Commerce adopted the conservative presumption that ten percent of Prochamp's reported sales of German-labelled mushrooms to [      ] were actually consumed in Austria. Appx13808. Commerce also deducted from Prochamp's sales the sales that were identified as destined for Switzerland and all sales of [    ] merchandise to [        ] that may have been consumed in [       ]. Appx13808-13810. Commerce thereby found that the adjusted quantity of Prochamp's mushrooms consumed in the German market was [        ] kilograms, and that sales in the French market amounted to only [    ] percent of sales to the German market. Appx13809.

Commerce also noted in its remand results that the gap between the amount of Prochamp's mushrooms consumed in the German and French

5

markets was likely greater than its calculations indicated. Appx13809-13811. Commerce found that Prochamp's reported French sales were likely overestimated, based on the labels of the products, the location of the customers, and certain shipments made to overseas France. Appx13811; Appx5034; Appx5052; Appx5063; Appx5188-5191.

In its Final Remand Results, Commerce concluded that the German market remained "significantly larger" than both the French and Israeli markets with its sales adjustments. Appx13810; Appx13830. Therefore, Commerce continued to select Germany as the third-country comparison market and did not alter Prochamp's calculated dumping margin. Appx13810; Appx13830.

## ARGUMENT

### I.   Standard of Review

When reviewing a remand determination, the Court applies the same standard of review "to the review of the remand as to the review of the original determination." *Bethlehem Steel Corp. v. United States*, 223 F. Supp. 2d 1372, 1375 (Ct. Int'l Trade 2002) (citations omitted). The Court should sustain Commerce's remand determinations "if they are in accordance with the remand order, are supported by substantial

6

evidence, and are otherwise in accordance with law." *MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *PAM, S.P.A. v. United States*, 582 F. 3d 1336, 1339 (Fed. Cir. 2009), *quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1951). A party challenging Commerce's determination under the substantial evidence standard "has chosen a course with a high barrier to reversal." *Nippon Steel Corp. v. United States,* 458 F.3d 1345, 1352 (Fed. Cir. 2006) (citation and internal quotation marks omitted). The Court must sustain Commerce's factual determinations as long as they are reasonable and supported by the record as a whole, even if some evidence on the record detracts from the agency's conclusions. *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984).

## II. Commerce Complied with the Court's Remand Order and its Selection of Germany as the Third-Country Comparison Market was Supported by Substantial Evidence

In its remand determination, Commerce fully complied with this Court's remand instructions. In its remand order, this Court found issue with Commerce's selection of Germany as the third-country comparison market because it "assumed that a multinational retailer…resold all of" Prochamp's German-labelled mushrooms to Germany. *Remand Order* at *7. The Court noted that absent a "better explanation," Commerce's conclusion that Prochamp's sales to Germany were significantly larger than its sales to France was unreasonable. *Id*. In its remand order, this Court instructed Commerce to reconsider "its finding that Prochamp sold a significantly larger overall quantity of mushrooms" in the German market. Remand Order (July 17,2024), ECF No. 44.

Plaintiff attempts to undermine the evidence placed on the record during the remand proceedings, arguing that they do not show the actual amount of Prochamp's sales to the German market and challenging the reliability of the communications from Prochamp's

8

customers. Plaintiff's Remand Comments, ECF No. 55 (January 29, 2025) at 11-18. Plaintiff's arguments misrepresent the Court's instructions on remand. The Court did not instruct Commerce to determine the actual amount of sales to the German market. Rather, this Court required that Commerce reconsider whether Prochamp sold more mushrooms to the German market, and noted that Commerce needed to provide a better explanation of its choice of Germany as the comparison market without assuming that all sales of German-labelled merchandise to [     ] were destined for Germany. *Remand Order* at *7.

During its remand proceedings, Commerce did precisely as it was instructed by the Court, and found even on reconsideration that Prochamp sold a significantly larger amount of mushrooms to the German market than to France or Israel. Appx13810; Appx13830. Commerce addressed the Court's specific concerns with its underlying determination by removing its assumption that [     ] resold all of Prochamp's German-labelled mushrooms to Germany. Commerce instead used the evidence placed on the record during the remand proceedings to approximate the percentage of Prochamp's sales of

9

German-labelled mushrooms to [     ] that were likely resold in Austria.

Substantial evidence, provided during the remand proceedings, supported that the majority of the merchandise sold to [     ] with the DE/AT label were resold in the German market. *See* Appx13898-13943; Appx13794-13830. The factual information provided by Commerce showed that 92.72 percent of [     ] stores were in Germany while only 7.28 percent were in Austria. Appx13808; Appx13844. Further evidence indicated that German consumption of mushrooms was significantly higher than Austrian consumption of mushrooms. Appx13808; Appx13854-13855; Appx13857-13858; Appx13844. [     ] also specifically confirmed that [     ] of the [     ] item numbers it purchased from Prochamp were for the German market, and that the [     ] was sold mainly to Germany. Appx13898-13901.

In an attempt to undermine the new evidence on the record, Plaintiff incorrectly focuses on the lack of quantification in these email correspondences and their timing. Plaintiff's Remand Comments. Plaintiff's argument ignores that the Court required Commerce to provide a better explanation of its selection of Germany, not to quantify

10

Prochamp's German sales. *Remand Order* at * 7. Further, even though the submitted email correspondence occurred after the period of investigation, Prochamp's customers still confirmed that their sales in [        ] were to Germany or mainly to Germany, providing sufficient evidence that either all or the majority of these item codes were resold by [     ] or [         ] in Germany rather than another country. Appx13898-13901, Appx13915-13920. Therefore, the substantial evidence supports that a majority of Prochamp's sales to [      ] with the DE/AT label were destined for the German market.

Based on this information, Commerce approximated the amount of sales of German labeled mushrooms that were likely sold to the Austrian market. To do so, Commerce first removed all sales to [     ] that were destined for Switzerland. Appx13808. Then, Commerce further reduced the sales of German-labelled mushrooms to [     ] by 10 percent to account for sales that may have been destined for Austria. *Id*. Commerce based this percentage on the amount of [     ] stores in Germany and Austria, those countries' consumption of mushrooms and population, and the evidence provided by Prochamp. *Id*. Commerce applied this reduction to all mushrooms sold by Prochamp to [     ]

11

with a German label, even though many of these products did not have the DE/AT label which indicated a possible final destination of Austria. Appx13809-13810. Lastly, Commerce removed all sales of [    ] merchandise to [        ] from the reported German market sales because some of that merchandise may have been destined for [        ]. Appx13809-13810.

Commerce thereby calculated Prochamp's sales to German market to be approximately [        ] kilograms, which was still significantly larger than Prochamp's sales to the French market. Appx13809. Commerce's calculation was conservative, because it likely removed more sales from the German sales database than were actually resold in Austria or [        ]. By removing its assumption that all sales with the DE/AT label were to the German market and accounting for possible sales to Austria or [        ], Commerce provided a "better explanation" as the Court request in its Remand Order. A reasonable mind would certainly view the new factual evidence on the record as adequate to support Commerce's selection of Germany as the third-country comparison market, since the evidence indicates that Prochamp's sales to the German market were significantly greater than

its sales to the French market. *PAM, S.P.A.,* 582 F. 3d at 1339, *quoting Consol. Edison Co.* 305 U.S. at 229.

## CONCLUSION

For these reasons, we respectfully join the Defendant in requesting that the Court sustain Commerce's remand determination and enter judgment in favor of the United States.

Respectfully submitted,

March 14, 2025

/s/ *Lizbeth R. Levinson*
Lizbeth R. Levinson
Brittney R. Powell
Alexander D. Keyser

FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500
Washington, DC  20006
Phone: (202) 361-3100
Email: llevinson@foxrothschild.com
*Counsel to Prochamp B.V.*

**CERTIFICATE OF COMPLIANCE WITH
COURT OF INTERNATIONAL TRADE
STANDARD CHAMBERS PROCEDURES**

Pursuant to this Court's Order dated December 16, 2024, (ECF No. 53), setting the word limitation for Defendant-Intervenor, Prochamp, B.V.'s Comments on Remand Redetermination to 5,000 words, counsel for Defendant-Intervenor certifies that the attached Comments on Remand Redetermination contains 2,128 words, including text, footnotes, and headings. The word count certification is made in reliance on the word-count feature in Microsoft Word.

/s/ *Lizbeth R. Levinson*
Lizbeth R. Levinson
Brittney R. Powell
Alexander D. Keyser

FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500 East
Washington, DC  20006
Phone: (202) 361-3100
Email: llevinson@foxrothschild.com
*Counsel to Prochamp B.V.*